**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| PAULA HUBBLE,<br><br>           Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br>           Defendant. | No. CV 05-1383-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Paula Hubble's ("Plaintiff") Application for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (Dkt. #46). The Commissioner of Social Security (the "Commissioner") filed a Response (Dkt. # 48) and Plaintiff filed a Reply (Dkt. #51). After reviewing the pleadings, the Court issues the following Order.

**I.     BACKGROUND**

This case came before the Court on Plaintiff's complaint for review of the Commissioner's partial denial of Plaintiff's claim for Disability Insurance Benefits under the Social Security Act. (Dkt. #1).  On September 29, 2006, this court granted the Commissioner's motion to remand for further administrative proceedings. (Dkt. #29). Plaintiff then appealed the decision to the Ninth Circuit Court of Appeals asserting that the proper remedy was a remand for calculation of benefits. (Dkt. #31, Notice of Appeal). The parties briefed and orally argued the case before the Ninth Circuit, and on August 7, 2008,

the Ninth Circuit ruled in Plaintiff's favor and remanded the matter for a calculation of benefits. (Dkt. #52). The Ninth Circuit found that the Administrative Law Judge ("ALJ") improperly rejected the subjective testimony of Plaintiff. (Id.). Further, the Ninth Circuit concluded that, when crediting Plaintiff's testimony as true, the vocational expert's testimony required the ALJ to find Plaintiff disabled. (Id.).

On September 5, 2008, Plaintiff filed the instant application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"). (Dkt. #46). Plaintiff requests $16,502.37, representing $705.00 in costs and $15,797.37 in fees for 97.05 hours[1] of attorney time.[2] (Dkt. #46, Appendix A; Dkt. #51, p.10). The Commissioner opposes Plaintiff's EAJA request as (1) impermissible since the Commissioner's position was substantially justified, and (2) as "excessive." (Dkt. #48, pp. 3-7).

## II. REQUEST FOR ATTORNEY'S FEES

Section 2412(d)(1)(A) of the EAJA provides that a prevailing party in any civil action brought by or against the United States shall be reimbursed for fees and other expenses incurred by that party in the action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To award attorney's fees under the EAJA, the Court must determine (1) that the claimant was the prevailing party; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make the award unjust; and (3) that the requested fees and costs are reasonable. See Perez-

---

[1] The attorney's fee request includes 2 hours spent preparing the reply brief to the Commissioner's opposition to Plaintiff's application for attorney's fees under the EAJA. See Patterson v. Apfel, 99 F.Supp.2d 1212, 1214-15 (C.D.Cal. 2000) ("Plaintiff also is entitled to reimbursement for the . . . hours of attorney time spent litigating [the EAJA] fee motion."). In addition, a reduction of 0.5 hours, consented to by Plaintiff, was taken from the initial fee request. (Dkt. #51, p.10).

[2] Attorney fee rate was calculated using a base rate of $125.00 per hour as established on March 29, 1996 (P.L. 104-121 [110 Stat 847]). To calculate the cost-of-living increase, Plaintiff utilized the latest national CPI-U and divided it by the CPI-U on March 29, 2006, and then multiplied the resulting quotient for each year (2003-2007) by $125.00.

- 2 -

Arellano, 279 F.3d 791, 793 (9th Cir. 2002). Here, it is uncontested that Plaintiff is the prevailing party.

**A. Substantial Justification**

Under the EAJA, the Court is required to award fees to the prevailing party unless the position of the government was substantially justified. See Perez-Arellano, 279 F.3d at 793. A position is "substantially justified" when it has a reasonable basis in both law and fact. See Pierce v. Underwood, 487 U.S. 522 (1988). It is the government's burden to prove its position was substantially justified. See Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987). The Commissioner's position is substantially justified if it meets the "traditional reasonableness standard-that is, it was 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002) (citations omitted). Further, the Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand." Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995).

Here, the Commissioner contends that his position throughout the litigation was substantially justified. Specifically, the Commissioner asserts that his position was reasonable given the lack of clarity in the vocational expert's testimony regarding whether Plaintiff possessed transferable skills. (Dkt. #48, pp. 3-4). Further, the Commissioner argues that this Court's decision to remand the case for further proceeding supports that his position was reasonable. (Id., pp. 4-5). However, the Ninth Circuit, reviewing under an abuse of discretion standard, reversed the decision of this Court. (Dkt. #52). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Thus, it logically follows that a reversal based on an abuse of discretion standard implies that this Court's, and thereby the Commissioner's, position was unreasonable. Further, the Ninth Circuit stated that

> [I]t is clear from the vocational expert's testimony that when [Plaintiff's] testimony is appropriately credited, the ALJ would be required to find [Plaintiff] disabled. When an ALJ's reasons

- 3 -

> for rejecting the [Plaintiff's] testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the [Plaintiff] is disabled if he had credited the [Plaintiff's] testimony, we remand for a calculation of benefits.

(Dkt. #52). Here, the Commissioner did not contest whether the ALJ's reasoning was proper, rather the Commissioner argued that remand for further proceedings was appropriate as opposed to a remand for calculation of benefits. (Dkt. ## 24, 25). Therefore, with respect to the issue on which the Ninth Circuit based its remand, the position of the Commissioner was unreasonable. As such, the Court finds that the Commissioner's position was not substantially justified.

## B. Reasonableness of the Number of Hours Claimed

Plaintiff bears the burden of demonstrating that her fee request is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[3] "'Excessive, redundant, or otherwise unnecessary' hours should be excluded from a fee award." Shinn v. Astrue, 2008 WL 2073980 (E.D.Cal. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). If the requested fees are not shown to be reasonable, then the Court may reduce the award. See Hensley, 461 U.S. at 433; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

The Commissioner does not contest Plaintiff's requested hourly rates nor the requested costs. (Dkt. #48, p.5 n.1). Instead, the Commissioner disputes the requested amount and contends that Plaintiff's requested fees of $15,797.37, representing 97.05 hours of work, should be reduced to $9,000. The Commissioner offers multiple objections to Plaintiff's claimed attorney hours to support this proposed reduction. First, the Commissioner argues that "a seasoned and highly skilled attorney specializing in Social Security cases" should not require 95.55 hours to litigate a "routine" disability case. (Dkt. #48, p. 7). In addition, the Commissioner asserts that Plaintiff's motion for summary

---

[3] Although Hensley v. Eckerhart addresses the fee-shifting provisions in civil rights actions under 42 U.S.C. § 1988, the Supreme Court specifically noted that "[t]he standards set forth in this opinion are generally applicable in all cases which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n. 7; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1988) (applying Hensley to the EAJA).

- 4 -

1  judgment involved routine issues that did not require unusual briefing that would require the
2  hours of research and writing spent.  (Id., p. 6 ).  Further, the Commissioner contends that
3  the brief submitted to the Ninth Circuit is "essentially duplicative of the summary judgment
4  motion and response to Agency's motion to remand in the District Court . . . ."  (Id.).  Lastly,
5  the Commissioner argues that 3.8 hours of work spent preparing motions for extensions of
6  time to file and work spent refiling the opening brief should be excluded.  (Id., p. 7).

7  Plaintiff responds that the Commissioner's arguments are not supported by an
8  affidavit or any other documents to support his position; the Commissioner "simply presents
9  conclusions."  (Dkt. #51, p. 5).  Further, Plaintiff argues that to the extent Plaintiff's
10 counsel's brief at the Ninth Circuit was duplicative, it was necessary duplication based on
11 the vicissitudes of the litigation process.  (Id., p. 8).  In addition, Plaintiff contends that time
12 spent on motions for extensions of time to file are reasonable.  (Id., pp. 9-10).  However,
13 Plaintiff consented to a reduction of 0.5 hours from her initial fee request for re-filing of a
14 brief that is arguably not compensable.  (Id., p. 10).

15 Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must review Plaintiff's application
16 for attorney's fees to determine whether the requested fees and costs are reasonable.  See
17 Perez-Arellano, 279 F.3d at 793.  Nonetheless, the Court notes that "[s]ocial security cases
18 are fact-intensive and require careful application of the law to the testimony and documentary
19 evidence, which must be reviewed and discussed in considerable detail.  Patterson v. Apfel,
20 99 F.Supp.2d 1212, 1213 (C.D.Cal. 2000).  In addition, it is apparent that experience in
21 handling social security matters is not a determinative factor for ascertaining the time
22 required to prepare concise, sufficient pleadings.  Id.  Further, the arguments advanced by
23 the Commissioner are based merely on defense counsel's own opinion as to the time
24 necessary for Plaintiff's counsel's research and briefing of her case before this Court and the
25 Ninth Circuit. The Commissioner offers no expert or other authority to suggest that the time
26 billed is unreasonable. Without evidence to support the Commissioner's bald assertions, the
27 Court will not second-guess Plaintiff's counsel regarding the time expended to achieve a
28

1 favorable result. See Kling v. Sect'y of Dept. of Health and Human Servs., 790 F.Supp. 145, 152 (N.D. Ohio 1992).

However, the Commissioner also objects to Plaintiff's claimed attorney hours as duplicative. Although the Commissioner states that the brief submitted to the Ninth Circuit is "essentially duplicative of the summary judgment motion and response to Agency's motion to remand in the District Court . . . .," the Commissioner did not submit the Plaintiff's circuit court briefs as a basis for comparison to support his contention. Further, "[o]ne certainly expects *some* degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) (emphasis in original). As such, the Court finds that Plaintiff's counsel's work was not unnecessarily duplicative. The Commissioner also argues that attorney hours spent drafting motions for extension of time are unreasonable. However, the Court, in its discretion, does not find that the hours cited by the government (1.9 hours[4] securing motions for extension of time) are unreasonable or excessive.

Having reviewed Plaintiff's "Itemization of Services" (Dkt. #46, Appendix A) and the parties' respective arguments, the Court concludes that the number of hours claimed in this case for reviewing the file, performing research, and drafting court documents is not excessive or unreasonable. As such, the Court finds that Plaintiff's counsel's billed time of 97.05 hours of work is reasonable as required under the EAJA, and thus the Court awards Plaintiff attorney's fees and costs in the amount of $16,502.37 as the "prevailing party" under 28 U.S.C. § 2412(d)(1)(A).[5]

---

[4] The Commissioner argued that Plaintiff's counsel requested 3.3 hours, but in reviewing the record, the Court notes that Plaintiff's counsel only requested 1.9 hours. See Dkt. #46, Appendix A.

[5] Plaintiff is also entitled to an award of costs under the EAJA, 28 U.S.C. § 2412(a)(1). The Commissioner does not contest Plaintiff's request for $705.00 in costs. However, costs, unlike expenses, are administered by the Department of Justice. As such, the Court will direct that the $705.00 awarded to the Plaintiff for costs under the EAJA shall be paid out of the Judgment Fund, and not from the Commissioner's funds.

- 6 -

1  **III.   CONCLUSION**

2       In sum, after reviewing Plaintiff's request and the Commissioner's statement in
3  response, the Court finds that the Commissioner's position was not substantially justified.
4  Further, the Court finds that the attorney's fees requested are reasonable.

5       **Accordingly,**

6       **IT IS ORDERED** that Plaintiff's Application for Attorney's Fees Pursuant to the
7  Equal Access to Justice Act is GRANTED.  (Dkt. #46).  Plaintiff is awarded attorney's fees
8  totaling $15,797.37, resulting from 97.05 attorney hours.

9       **IT IS FURTHER ORDERED** that Plaintiff is awarded $705.00 in costs, to be paid
10  out of the Judgment Fund, as administered by the Department of Justice.

11       DATED this 25th day of November, 2008.

_____
Mary H. Murguia
United States District Judge